IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> IRVIN MONJE-MALDONADO, <br><br> Defendant. | 1:09-cr-00013-WSD-2 |

## OPINION AND ORDER

This matter is before the Court on Defendant Irvin Monje-Maldonado's Motion to Appoint Counsel [173].

A defendant does not have a Sixth Amendment right to counsel in connection with a Section 3582(c) motion. United States v. Webb, 565 F.3d 789, 793-95 (11th Cir. 2009). A defendant also does not have a statutory right to counsel in connection with a Section 3582(c) motion. Courts have consistently held that a Section 3582 proceeding is not an "ancillary matter" as set forth in Section 3006A, and held that a defendant does not have a statutory right to counsel in connection with a Section 3582(c) motion. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir.

1995) (same); cf. Burrell v. United States, 332 A.2d 344, 347 (D.C. 1975) (defendant has no statutory right to counsel in connection with motion to reduce sentence under Rule 35(b)).

While a court has the discretion to appoint counsel for a defendant in connection with a Section 3582(c) motion, the court is not required to do so, given the limited scope of proceedings under Section 3582(c).  In this case, it is undisputed that Defendant is not entitled to a reduction and the appointment of counsel is not necessary.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Irvin Monje-Maldonado's Motion to Appoint Counsel [173] is **DENIED**.


**SO ORDERED** this 15th day of September, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE